UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD DORANCE OSTRANDER,

    Plaintiff,

v.

    Case No. 23-cv-10768
    Hon. Matthew F. Leitman

ADAM GILLEY, *et al.*,

    Defendants.

_____/

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTION (ECF No. 11) TO MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL (ECF No. 10), (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF No. 24), AND (3) DISMISSING CLAIMS AGAINST DEFENDANT TANNER BECKWITH**

In this action, *pro se* Plaintiff Leonard Dorance Ostrander alleges that he was subjected to excessive force when he was arrested in February 2022. (*See* Compl, ECF No. 1.) On April 7, 2023, Ostrander filed a motion in which he asked the Court to appoint him counsel. (*See* Mot., ECF No. 6.) The assigned Magistrate Judge denied that motion on April 10, 2023. (*See* Order, ECF No. 10.) The Magistrate Judge explained that "courts generally do not appoint counsel in a civil case absent a showing of exceptional circumstances," and she concluded that Ostrander had "not shown that exceptional circumstances warrant[ed] the appointment of counsel." (*Id.*, PageID.44-45.) Ostrander filed an objection to the Magistrate Judge's order on May

1

8, 2023. (*See* Objection, ECF No. 47.)  The Court has carefully reviewed the objection, but it agrees with the Magistrate Judge that Ostrander has not shown that he is entitled to the appointment of counsel at this time.  Ostrander's objection is therefore **OVERRULED**.

Ostrander initially filed this action against two Defendants: Adam Gilley and Tanner Beckwith. (*See* Compl., ECF No. 1.)  He then sought to amend his Complaint. (*See* Mots. to Amend, ECF No. 13, 14.)  The Magistrate Judge granted that motion in part in a written order dated June 28, 2023. (*See* Order, ECF No. 23.)  In that order, the Magistrate Judge explained that Ostrander could proceed on an excessive force claim against Defendant Gilley, but his proposed claims against Defendant Beckwith were futile and subject to dismissal. (*See id.*)  The Magistrate Judge then issued a Report and Recommendation in which she recommended that the Court dismiss Beckwith as a Defendant in this action for the reasons she explained in the June 28 order (the "R&R"). (*See* R&R, ECF No. 24.)  At the conclusion of both the June 28 order and the R&R, the Magistrate Judge informed Ostrander that if he objected to her conclusions, he needed to file written objections with the Court within 14 days. (*See* Order, ECF No. 23, PageID.133; R&R, ECF No. 24, PageID.135-136.)

2

Ostrander has not filed any objections to either the R&R or the June 28 order. Nor has he contacted the Court seeking additional time to file objections. The failure to object to an R&R releases the Court from its duty to independently review the matter. *See Thomas v. Arn,* 474 U.S. 140, 149 (1985). Likewise, the failure to file objections to an R&R waives any further right to appeal. *See Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Accordingly, because Ostrander has failed to file any objections to the R&R, **IT IS HEREBY ORDERED** that the Magistrate Judge's recommendation to dismiss the claims against Defendant Beckwith is **GRANTED**. Beckwith is **DISMISSED** as a Defendant in this action.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 1, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 1, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126