UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LEONARD DORANCE OSTRANDER,<br><br>                Plaintiff,<br><br>v.<br><br>ADAM GILLEY, *et al.*,<br><br>                Defendants. | Case No. 23-10768<br>Honorable Matthew F. Leitman<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING PLAINTIFF'S MOTION TO EXCLUDE CASE FROM THE PRISON LITIGATION REFORM ACT (ECF NO. 68)**

Plaintiff Leonard Dorance Ostrander sues Defendant Adam Gilley, alleging excessive force. ECF No. 56. The Honorable Matthew F. Leitman referred the case to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b)(1). ECF No. 52. Ostrander moves to exclude the case from the Prison Litigation Reform Act (PLRA). ECF No. 68. Gilley did not respond in opposition.

Under the PLRA, a prisoner confined in any jail, prison, or other correctional facility may not bring an action "*with respect to prison conditions* under section 1983 of this title, or any other Federal law…until such administrative remedies as are available are exhausted." 42 U.S.C.

§ 1997e(a) (emphasis added).  But "[a] 'prison conditions' case is different from a pre-incarceration case including, for example, a claim against the arresting officer."  *Soldan v. Robinson*, No. 19-11334, 2020 WL 5997309, at *4 (E.D. Mich. July 9, 2020), *adopted*, 2020 WL 5993224 (E.D. Mich. Oct. 9, 2020) (citing *Porter v. Nussle*, 534 U.S. 516, 527 (2002)).  The PLRA's exhaustion requirement applies to the former but not the latter.  *Porter*, 534 U.S. at 529.

Ostrander's claim challenges the amount of force Gilley used during his arrest.[1]  Thus, the PLRA does not apply to this pre-incarceration claim.  Ostrander's motion (ECF No. 68) is **GRANTED.**

                                               s/Elizabeth A. Stafford
                                               ELIZABETH A. STAFFORD
                                               United States Magistrate Judge

---

[1] Ostrander argues that the PLRA no longer applies to the action because he was paroled in May 2025.  ECF No. 68; MDOC OTIS https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=820865 (last viewed June 5, 2025).  He is correct that he is no longer subject to the PLRA exhaustion requirement for new claims.  *See Greig v. Goord*, 169 F.3d 165, 167 (2d Cir. 1999); *Mabry v. Freeman*, 489 F. Supp. 2d 782, 785-86 (E.D. Mich. 2007).  But a prisoner's release may not relieve him of the obligation to exhaust claims about prison conditions filed while he was still incarcerated.  *See Mattox v. Edelman*, 851 F.3d 583, 593 (6th Cir. 2017) ("The *Cox* panel was thus likely correct that Rule 15(d) could not save an action that did not comply with the PLRA's exhaustion requirement in any way."); *Cox v. Mayer*, 332 F.3d 422, 425 (6th Cir. 2003).  In any case, the PLRA does not apply to Ostrander's excessive force claim for the reasons discussed above.

Dated: June 6, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 6, 2025.

                                                s/Davon Allen
                                                DAVON ALLEN
                                                Case Manager