UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LEONARD DORANCE OSTRANDER, | Case No. 23-cv-10768 |
| | Honorable Matthew F. Leitman |
| Plaintiff, | Magistrate Judge Elizabeth A. Stafford |
| v. | |
| ADAM GILLEY, | |
| Defendants. | |

**REPORT AND RECOMMENDATION TO DENY WITHOUT PREJUDICE
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(ECF NO. 58)**

## I.    Introduction

Plaintiff Leonard Dorance Ostrander, a pro se parolee of the Michigan Department of Corrections (MDOC), brings this action under 42 U.S.C. § 1983, alleging that Defendant Adam Gilley used excessive force during an arrest in February 2022.  ECF No. 56.  In July 2024, the Honorable Matthew F. Leitman dismissed Ostrander's claims and closed the case for failure to prosecute, as Ostrander had failed to update his address.  ECF No. 39; ECF No. 40.  But in August 2024, Ostrander updated his address and filed several motions.  ECF No. 41; ECF No. 42; ECF No. 45; ECF No.

50. Judge Leitman reopened the case, set aside the judgment, and ordered Ostrander to file an amended complaint. ECF No. 51, PageID.311-312. Judge Leitman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 52.

Ostrander filed an amended complaint. ECF No. 56. A week later, he moved for summary judgment. ECF No. 58. The Court **RECOMMENDS** that Ostrander's motion be **DENIED**.

## II.  Analysis

### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant

2

satisfies this burden, the burden shifts to the non-moving party to go

beyond the pleadings and set forth specific facts showing a genuine issue

for trial. *Id.* at 324. The Court must view the factual evidence in the light

most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380

(2007).

**B.**

Ostrander's motion for summary judgment is premature. He filed the

motion a week after amending his complaint, before the Court had entered

a scheduling order permitting discovery. "Before ruling on summary

judgment motions, a district judge must afford the parties adequate time for

discovery, in light of the circumstances of the case." *Plott v. Gen. Motors*

*Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995); *CLT*

*Logistics v. River W. Brands*, 777 F. Supp. 2d 1052, 1076 (E.D. Mich.

2011) ("[A] motion for summary judgment filed before the close of discovery

is often denied as premature in this circuit, either on the opposing party's

Rule 56(f) affidavit and request or on the court's own initiative without an

explicit request from the opposing party.").

When Ostrander filed his motion, Gilley had not yet had the

opportunity to conduct discovery. And discovery does not close until July

22, 2025. ECF No. 64. In that context, courts in this district typically deny

premature motions without prejudice.  *See Tyree v. Howard*, No. 2:23-cv-10168, 2024 WL 1023874, at *2 (E.D. Mich. Feb. 12, 2024), *adopted*, 2024 WL 1020536 (E.D. Mich. Mar. 8, 2024) (citing *CLT Logistics*, 777 F. Supp. 2d at 1076).  Ostrander may move for summary judgment again after discovery closes and by the dispositive motion deadline of August 21, 2025.

Ostrander's arguments also largely concern the legality of his arrest and detention, as he claims that Gilley lacked probable cause and falsified the police report.  ECF No. 58, PageID.337, 339.  But the complaint asserts only an excessive force claim, not claims of false arrest or unlawful detention.  *See* ECF No. 56; *see also* ECF No. 51, PageID.312 (noting "the only remaining claim in this case: an excessive force claim against Gilley").  The Court declines to address those un-pleaded claims.  *See Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 789 (6th Cir. 2005) (affirming district court's refusal to consider a new claim raised for the first time on summary judgment).

Although Ostrander briefly argues in his motion that Gilley used excessive force, he offers no supporting evidence.  ECF No. 58, PageID.339.  The exhibits attached to his motion include Gilley's police

report and two felony complaints, which do not document any use of force. *Id.*, PageID.342-349.

### III. Conclusion

The Court **RECOMMENDS** that Ostrander's motion for summary judgment be **DENIED WITHOUT PREJUDICE** (ECF No. 58).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 6, 2025

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and

recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 6, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager